SO ORDERED.

SIGNED this 7th day of June, 2012.





Dale L. Somers
United States Bankruptcy Judge

_____

**Designated for print publication**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re: | |
| JONATHAN I. SCHUPBACH and<br>AMY M. SCHUPBACH, | CASE NO.  11-13633<br>CHAPTER 11 |
| DEBTORS. | |
| BANK OF COMMERCE & TRUST CO., | |
| PLAINTIFF, | |
| v. | ADV. NO.  12-5047 |
| JONATHAN I. SCHUPBACH and<br>AMY M. SCHUPBACH, | |
| DEFENDANTS. | |

## MEMORANDUM OPINION AND ORDER
## GRANTING IN PART AND DENYING IN PART
## DEBTORS' MOTION TO DISMISS

Debtors Jonathan I. Schupbach and Amy N. Schupbach (Debtors) move to dismiss Bank of Commerce & Trust Co.'s (Commerce) Complaint to Determine Dischargeability of Debt and Request to Determine Amount of Debt (Motion). Commerce opposes dismissal. The Court has jurisdiction.[1]

**The Applicable Standard.**

Debtors move to dismiss the claims against them under Bankruptcy Rule 7012(b), incorporating Civil Rule 12(b)(6), which provides for dismissal if the complaint fails to state a claim upon which relief can be granted. Debtors contend the allegations fail to satisfy the standard adopted by the Supreme Court in *Twombly*[2] and *Iqbal*.[3] Under that standard, the motion to dismiss tests the legal sufficiency of the allegations — are they "a short and plain statement of the claim showing that the pleader is entitled to relief," as required by Bankruptcy Rule 7008(a), which incorporates Civil Rule 8(a)(2). Satisfaction of this standard gives "the defendant fair notice of what the . . . claim is and the grounds upon which it rests."[4] Further, to withstand a motion to dismiss, a complaint must contain

---

[1] This Court has jurisdiction over the parties and the subject matter pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and (b), and the Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective July 10, 1984. Furthermore, this Court may hear and finally adjudicate this matter because it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and (B). There is no objection to venue or jurisdiction over the parties.

[2] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

[4] *Twombly, 550 U.S.* at 555 (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

enough allegations of fact, "accepted as true, to 'state a claim to relief that is plausible on its face.'"[5] "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[6]

**Procedural Background.**

Debtors filed for relief under Chapter 13 on July 16, 2011. Commerce was listed as an unsecured creditor on Schedule F and included in the mailing matrix. Notice was given that the meeting of creditors would be held on August 18, 2011, and that the deadline to object to Debtors' discharge or to challenge the dischargeability of certain debts was October 17, 2011. One creditor filed a motion to extend time to object to discharge and/or to assert a dischargeability complaint on October 17, 2011. Commerce did not file a dischargeability compliant or move to extend the time to do so on or before October 17, 2011.

During August 2011, two creditors and the Chapter 13 Trustee filed motions to dismiss, premised at least in part upon the allegations that Debtors' unsecured claims exceeded the limits for Chapter 13 eligibility. Debtors filed a motion to convert to Chapter 11 on September 27, 2011. On October 24, 2011, Commerce filed a proof of secured claim for $748,748.72. A review of the attachments show that loans were made

---

[5] *Iqbal*, 556 U.S. at 663 (*quoting Twombly*, 550 U.S. at 570).

[6] *Id*.

to Schupbach Investments, LLC, personally guaranteed by Debtors, and secured by life insurance, mortgages, rents, and other collateral.

The motion to convert to Chapter 11 was granted on November 14, 2011. On December 2, 2011 the clerk gave notice of the Chapter 11 case, of the meeting of creditors to be held on January 6, 2012, and of the March 6, 2012 deadline to file a complaint to determine dischargeability of certain debts. Commerce filed the Complaint on March 6, 2012.

**Allegations of the Complaint.**

Schupbach Investments, LLC has been engaged in the purchase, ownership, and sale of rental homes in low income areas of Wichita. Debtor Jonathan Schupbach has been the manager and owner of Schupbach Investments, and Debtor Amy Schupbach has been an officer and employee.

At various times, from September 2007 through April 2010, Debtors on behalf of Schupbach Investments, borrowed funds from Commerce for the purpose of renovating, modifying, and improving six particular homes which the Debtors were interested in acquiring and renovating on behalf of Schupbach Investments. Each loan was made after Debtors met with Commerce's appraiser and informed him of the particular modifications and repairs planned for the specific property. The Debtors personally guaranteed the loans.

Commerce alleges that contrary to Debtors' representations, none of the loan proceeds were used by the Debtors or Schupbach Investments to renovate the particular

4

properties.  Count I alleges a claim under § 523(a)(2)[7] for excepting the loans from discharge based upon false pretenses, false representation, and actual fraud.  Count II alleges a claim under § 523(a)(6) for excepting the loans from discharge for willful and malicious intent to injure Commerce.  Count III requests judicial determination of the amount of nondischargeable debt under §§ 105 and 502.

**Analysis.**

    **A. Count I - The § 523(a)(2) claim was not timely filed and must be dismissed.**

    Debtors move to dismiss Count I as untimely filed more than 60 days after the date first set for the meeting of creditors, contending that the date of the meeting set in the Chapter 13 case controls.  Commerce responds that the date first set for the meeting in the converted Chapter 11 case controls, and the Complaint was therefore timely.

    The Bankruptcy Code does not address the time for filing an objection to dischargeability of a particular debt.  The time is set by Bankruptcy Rule 4007(c).  It provides that, except for complaints under § 523(a)(6) in Chapter 13 cases,

> a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a).  The court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided in Rule 2002.  On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision.  The motion shall be filed before the time has expired.

---

[7] 11 U.S.C. § 523(a)(2).  All references in the text to title 11 shall be to the section only.

5

It is uncontroverted that Commerce did not file the Complaint or move to extend the time for doing so within 60 days of the first date set for the meeting of creditors in the Chapter 13 case but did file the Complaint within 60 days the first date set for the meeting on creditors in the Chapter 11 case.

The issue presented by the Motion to dismiss the § 523(a)(2) claim is whether, in a case which has been converted from a Chapter 13 to Chapter 11, a complaint to except a debt from discharge is timely if filed within 60 days after the first date set for the meeting of creditors in the converted case. There is no rule addressing this issue. There is no case law from Tenth Circuit or other courts. Perhaps this is because "[p]rior to BAPCPA, § 523(a)(2) and (a)(4) were not exceptions to discharge in a Chapter 13 case at the completion of payments under § 1328(a) and there was no reason to wonder whether the deadline for filing a complaint under Bankruptcy Rule 4007 would restart at conversion from Chapter 13 to Chapter 11."[8] To resolve the question, the Court considers general principles regarding conversion and objections to dischargeability.

Commerce suggests that the Court should follow the decision of the Eight Circuit Court of Appeals in *F & M Marquette National Bank,*[9] which held that the conversion of

---

[8] Keith M. Lundin & William H. Brown, *Chapter 13 Bankruptcy*, § 536.1, at ¶ 26 (4th ed. 2006), *available at* www.Ch13online.com.

[9] *F & M Marquette Nat'l Bank v. Richards*, 780 F.2d 24 (8th Cir. 1985). Commerce also cites *Goralnick v. Bromberg (In re Goralnick)*, 81 B.R. 570 (9th Cir. BAP. 1987) and *Gen. Elec. Credit Corp. v. Watts (In re Watts)*, 59 B.R. 779 (Bankr. N.D. Ala. 1986), but both of these cases, like *F & M Marquette Nat'l Bank,* hold there is a new time limit for dischargeability complaints after conversion to Chapter 7 and not conversion from Chapter 13 to Chapter 11.

6

a case from Chapter 11 to Chapter 7 generated a new time period for filing dischargeability complaints. The court reasoned that a new meeting of creditors is required upon conversion from Chapter 11 to Chapter 7. Since that meeting under Chapter 7 is a separate and distinct meeting unrelated to the meeting under Chapter 11, it held that the first date set for the Chapter 7 meeting of creditors was the relevant date under Rule 4007(c). The court observed that creditors are less likely to file dischargeability complaints in Chapter 11 than in Chapter 7 cases, since in a Chapter 11 proceeding a reorganization plan may provide for payment in full of their claims. Finding that the period to file complaints started anew after conversion from Chapter 11 to Chapter 7 avoided the possibility that a Chapter 11 debtor, knowing that creditors had not timely objected to discharge of particular debts, could then convert to a Chapter 7 case and obtain a full discharge.

Rule 1019, which addresses conversion of a Chapter 11, Chapter 12, or Chapter 13 proceeding to a Chapter 7 liquidation, was amended in 1987 to be consistent with the "holding and reasoning" of *F & M National Bank*.[10] As to such Chapter 7 cases converted from Chapters 11, 12, or 13, subsection (3) of Rule 1019 was amended to provide that a new time period commences under Rule 4007 for filing a complaint to determine dischargeability, unless the case had previously been converted from Chapter 7 to Chapter 11, 12, or 13 and then reconverted to Chapter 7. Rule 1019(3) does not apply

---

[10] Fed. R. Bankr. P. 1019 advisory committee note to 1987 amendments to Rule 1019.

to this case since it is a conversion from Chapter 13 to Chapter 11.  And, as stated above, the Rules are silent as to the time limits after conversion from Chapter 13 to Chapter 11.

Commerce argues that Rule 1019(3) should apply by analogy.  The Court declines to do so.  The rationale justifying for a new period to file a complaint in a converted Chapter 7 proceeding is not present when a Chapter 13 proceeding is converted to a Chapter 11 proceeding.  A creditor has the same motivation to file an objection to discharge of a particular debt in the Chapter 13 proceeding as in the converted individual Chapter 11 proceeding.  To hold that Rule 1019(2) applies by analogy and that the Rule 4007(c) time limit runs from both the first date set for the meeting of creditors in the Chapter 13 proceeding and in the Chapter 11 proceeding would give the creditor a "second bite at the apple" when there has been no change in the relevant discharge rights.

Under § 348, "[c]onversion of a case from a case under one chapter . . . to a case under another chapter  . . . constitutes an order for relief under the chapter to which the case is converted, but, except as provided in subsections (b) and (c) of this section [which do not address §523], does not effect a change in the date of filing of the petition, the commencement of the case, or the order for relief."  Hence, conversion does not create a new case, but it does require a new § 341 meeting, which shall be noticed within "a reasonable time after the order for relief."[11]  The Court disagrees with the Eight Circuit as to the impact of § 548(a).  Although the meetings of creditors held in the Chapter 13

---

[11] 11 U.S.C. § 341.

proceeding and the subsequent Chapter 11 proceeding are distinct, it does not follow that there are two "first dates" for purposes Rule 4007(c).  In this Court's view, the plain meaning of the reference in Rule 4007(c) to the "first date set for the meeting of creditors" is to the first date set in the case.  The conversion does not create a new case.  In a case converted from Chapter 13 to Chapter 11, the first date set is the date initially set for the meeting in the Chapter 13 proceeding.

Debtors cite *Citizens First National Bank*[12] which held that there is not a new period for filing dischargeability complaints in a case converted from Chapter 7 to Chapter 11.  In that case, the creditor had urged the court to follow the rationale of *F & M Marquette National Bank* and Rule 1019(3), discussed above, but the court declined.  It reasoned that the expectation of payment through a reorganization plan which may lull Chapter 11 creditors into not filing a complaint has no applicability when a case was commenced under Chapter 7 and then converted to Chapter 11.  "Any failure to file such complaint, or to obtain an extension of time, during the pendency of the original Chapter 7 case results solely from creditor inaction.  The fortuitous conversion of the Debtor's Chapter 7 case to Chapter 11 after the time for objecting to dischargeability has expired is no substitute for Plaintiff's failure to act timely."[13]

---

[12] *Citizens First Nat'l Bank v. Kirkpatrick (In re Kirkpatrick)*, 120 B.R. 309 (Bankr. S.D.N.Y. 1990).

[13] *Id*. at 312.

9

The Court agrees with this reasoning. The fortuitous conversion of Debtors'

Chapter 13 case to Chapter 11 should not give Commerce a second chance to timely

object to discharge under § 523(a)(2). Such debts are excepted from discharge under both

Chapter 13[14] and Chapter 11.[15] Both chapters provide an expectation of repayment

through a court approved plan.

Finally, the Court holds that the notice date included in the Notice of Chapter 11

Bankruptcy Case,[16] prepared by the clerk's office when Debtors converted their case from

Chapter 13 to Chapter 11, does not change the foregoing. It states, "Deadline to File a

Complaint to Determine Dischargeability of Certain Debts: 3/6/12." The notice is

ambiguous. It states the deadline for objecting to "certain debts," without defining what

debts are included and without reference to debts for which timely objections had not

been filed in the Chapter 13 case. The notice is included in a bankruptcy form sent by the

clerk under Rule 2002(f) and did not enlarge Commerce's rights.[17] It was not the purpose

of the notice of the bar date as to "certain debts" to revive dischargeability claims which

were time barred in the Chapter 13 case. Commerce's complaint objecting to discharge

---

[14] 11 U.S.C. § 1328(a)(2).

[15] 11 U.S.C. § 1141(d)(2).

[16] Dkt. 120, case no. 11-13633.

[17] See 28 U.S.C. § 2075 (bankruptcy rules shall not "abridge, enlarge, or modify any substantive right").

10

of its claims is not timely because it was filed within the date set by the Notice of Chapter 11 Bankruptcy Case.

For the foregoing reasons, the Court finds that the Complaint objecting to discharge of Commerce's claim under § 523(a)(2) is untimely and therefore must be dismissed.

**B. Count II - The § 523(a)(6) claim satisfies the applicable pleading standard.**

Debtors move to dismiss the § 523(a)(6) claim for failure to state a claim under the *Iqbal* and *Twombly* standard discussed above.[18]  Debtors argue that the allegations are mere formulaic recitations of the elements of a claim and lacks sufficient factual allegations.

The Complaint in Count II incorporates the factual allegations stated above and alleges:  that Debtors knew the loan proceeds were to be used on the specific homes; that they knowingly, intentionally, wrongfully, and without justification used the loan proceeds for their benefit and enjoyment; that they injured Commerce when doing so; and that Debtors' acts were willful, intentional, and malicious.  The Court finds that Count II states a claim that is plausible on its face. "[T]he conversion of another's property without the owner's knowledge or consent, done intentionally and without justification and excuse, is a willful and malicious injury within the meaning of the [523(a)(6)]

---

[18] Debtors do not argue that Count II was filed after expiration of the bar date.  Rule 4007(c) applicable to the § 523(a)(2) claim does not apply to the § 523(a)(6) claim.  Under Rule 4007(d), the bar date for filing objections to discharge under § 523(a)(6) in an individual's Chapter 13 case is set after the debtor moves for discharge under § 1325(b).  In this case, no such bar date was set before conversion to Chapter 11.

exception."[19]  The factual allegations are sufficient to give Debtors notice of the claims against them.

The Motion to dismiss is denied as to Count II.

### C. Count III - The request for judicial determination of amount owed will not be dismissed.

In its last Count, Commerce seeks a judicial determination of the amount which is nondischargeable.  Debtors move to dismiss the count as unnecessary, arguing that Commerce has filed a proof of claim for $748,748.72 and the amount owed will be determined in the claims allowance process.

The Court will not dismiss the count. The Court reads the Complaint as seeking a determination of the amount which is nondischargeable, not the entire claim.  This matter is properly determined in the adversary proceeding challenging dischargeability.

### CONCLUSION.

Count I, the § 523(a)(2) claim was filed after expiration of the bar date set in the Chapter 13 case, which passed before the conversion to Chapter 11.  Count I is dismissed. The motion to dismiss is denied as to Count II, objection to dischargeability under 523(a)(6), and Count III, for determination of the amount excepted from discharge.

---

[19]  4 *Collier on Bankruptcy* ¶ 523.12[4] (Alan N. Resnick & Henry J. Sommer eds.-in-chief, 16th ed.).

12

The foregoing constitute Findings of Fact and Conclusions of Law under Rule 7052 of the Federal Rules of Bankruptcy Procedure which makes Rule 52(a) of the Federal Rules of Civil Procedure applicable to this proceeding.

**IT IS SO ORDERED.**

###

Case 12-05047   Doc# 11   Filed 06/07/12   Page 13 of 13